UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY SHIRLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04111-TWP-MJD |
| | ) |
| IMPD SWAT, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss Under Rule 12(b)(6). [Dkt. 13.] On April 20, 2020, Judge Tanya Walton Pratt, designated the undersigned Magistrate Judge to "issue a report and recommendation on the Motion to Dismiss filed by Defendant" pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 31.] For the reasons set forth below, the Magistrate Judge recommends Defendant's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART** pursuant to Federal Rules of Civil Procedure 12(b)(6).

**I. Legal Standard**

A complaint that fails to "state a claim to relief that is plausible on its face" is subject to dismissal under Rule 12(b)(6). *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotation marks omitted). A facially plausible claims is one where the plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In applying these principles, a court construes the complaint in the light most favorable to the plaintiff. *Yeftich*, 722 F.3d at 915. While the Court accepts well-pleaded facts as true and

draws all reasonable inferences in favor of the plaintiff, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* When reviewing the instant motion, the Court must:

> consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. We also must consider additional facts set forth in [the plaintiff's] . . . briefs, so long as those facts are consistent with the pleadings.

*Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citations and internal quotation marks omitted).

## II. Background

Plaintiff, appearing *pro se*, alleged the following facts in the Complaint:

> I was just about to be cuffed by hand by the SWAT team until out of nowhere. I was then shot in both legs by the rubber shot gun bullets & tazed [sic] multiply [sic] by all members. They were under no harm & tazed [sic] me until I had a seizure & went unconscious and had to be taken to eskenzai [sic]. I was in a residential home located at 2422 Sharon Ave. at approx. [sic] 12:00 a.m. on January 25, 2019, the very next day in the hospital I had a seizure on January 26, 2019. All of these events happened in Indianapolis, Indiana Marion County.

[Dkt. 1 at 2.] Plaintiff alleges that the IMPD SWAT officers' action violated the Eighth and the Fourteenth Amendments. Plaintiff requests declaratory judgment, compensatory damages, and punitive damages. [*See* Dkt. 1.]

On October 7, 2019, Judge Tanya Walton Pratt, granted Plaintiff leave to proceed in *forma pauperis* on the basis of Plaintiff's 42 U.S.C. § 1983 civil rights action against the IMPD SWAT. [Dkt. 7.]

On January 6, 2020, Defendant filed the instant motion to dismiss the Complaint. Defendant argues that Plaintiff fails to state a claim upon which relief can be granted for two

reasons: (1) "IMPD SWAT" is not a suable entity; and (2) the Complaint does not allege any facts that state a claim against the City of Indianapolis, which is the proper suable entity.

### III.  Discussion

As Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint to give it the meaning intended and allow it to survive dismissal.  See *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (noting that "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim"); *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981) (noting the "well-established requirement that *pro se* pleadings be held to less stringent standards than those prepared by counsel").

The Court agrees with Defendant that the "Indianapolis Metropolitan Police Department SWAT is not a suable entity."  [Dkt. 13 at 1]  Instead, the City of Indianapolis is the proper suable entity because Indiana law does not provide for municipal police departments to sue or to be sued.  See *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010)) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

Defendant further argues that Plaintiff does not allege sufficient facts to bring a *Monell* claim for municipal liability under section 1983 because "even if taken as true and assumed to be claims against the City, Plaintiff's complaint is based on conduct committed by individual persons and not by the municipality."  [Dkt. 14 at 4.]  The Court agrees.

To establish a *Monell* claim for municipal liability under section 1983, Plaintiff must show that:  "(1) he suffered a deprivation of a federal right; (2) as a result of either an express

3

municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of his injury." *Ovadal v. City of Madison, Wisconsin*, 416 F.3d 531, 535 (7th Cir. 2005) (quotation marks omitted). Plaintiff must allege that the local government *itself* caused or participated in the deprivation of his rights. *See id.*; *see also Foy v. City of Chicago*, 2016 WL 2770880, at *7 (N.D. Ill. May 12, 2016). Thus, a local government is not liable for an injury inflicted solely by its employees or agents. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Here, it is not clear that Plaintiff intended to assert a *Monell* claim in his Complaint. To the extent that he did, however, Defendant is correct that Plaintiff cannot succeed as pleaded because the factual allegations that are relevant to the municipal liability are bare legal conclusions. Plaintiff's allegations—that the IMPD SWAT officers used excessive force against him—do not include any accompanying facts to show that the City of Indianapolis deliberately implemented inadequate training, hiring, or supervisory policies or customs that caused the IMPD SWAT officers' alleged misconduct. *See Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."); *Jones v. Feinerman*, 2011 WL 4501405, at *6 (N.D. Ill. Sept. 28, 2011) (dismissing a *Monell* claim because plaintiff alleged deliberate indifference that was limited "only to him"). Accordingly, to the extent that Plaintiff's claims are directed at the City of Indianapolis, those claims must be dismissed.

The analysis does not end there, however, because under a liberal reading of the Complaint—as the Court is required to do—Plaintiff sufficiently asserts excessive force claims against the "unknown" IMPD SWAT officer(s) in their individual capacities. [*See* Dkt. 1 at 2.]

4

The fact that Plaintiff does not yet know the identities of the individual officers is not fatal to his claim. It has long been an accepted practice to allow claims against unknown defendants when, as here, Plaintiff's Complaint states specific allegations describing the conduct of individual officers sufficient to raise a constitutional claim. In such instances, plaintiffs are given the opportunity to engage in limited discovery to ascertain the identities of those defendants. *See Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978) (naming of "John Doe" defendants in a complaint does not toll the statute of limitations until the named defendants are substituted as parties under Rule 15(c)); *Smith v. Westchester Cty. Dep't of Corr.*, 2012 WL 527222, at *8 (S.D.N.Y. Feb. 15, 2012) ("[T]he inclusion of 'John Doe' defendants clearly signals the plaintiff's lack of knowledge as to the identity of certain defendants, thereby alerting defense counsel, at the beginning of a case, to the existence of defendants that have yet to be identified.") (internal quotations omitted); *Brown v. Doe*, 1999 WL 893070, at *2 (S.D.N.Y. Oct. 18, 1999) ("Plaintiffs, especially *pro se* incarcerated plaintiffs, should be given an opportunity to identify the unknown defendants through discovery.").

Therefore, the motion to dismiss must be denied to the extent that Defendant seeks to dismiss Plaintiff's complaint in its entirety. Plaintiff has stated a claim for excessive force against the unknown members of the IMPD SWAT team. Once those individual officers are identified, Plaintiff will be required to amend his complaint to name them. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("[w]hen a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible.").

### IV.  Conclusion

Based on the foregoing, the Magistrate Judge recommends that Defendant's Motion to Dismiss [Dkt. 13] be **GRANTED** as to any claims against the City of Indianapolis and **DENIED** with regard to individual capacity claims against unknown officers.

The Magistrate Judge further recommends that the City of Indianapolis be ordered to produce to Plaintiff, within fourteen days of the Court's order, any police reports or other investigative reports that evidence any involvement between any members of the Indianapolis Metropolitan Police Department and Plaintiff Henry Shirley on or about January 25, 2019, as set forth in Plaintiff's Complaint; in particular, the City of Indianapolis should produce any documents needed to identify by name any particular officers that may have been involved in such incident.

### Notice Regarding Objections

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  8 JUN 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HENRY SHIRLEY
720042
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514

Daniyal M. Habib
OFFICE OF CORPORATION COUNSEL
daniyal.habib@indy.gov

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov