## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY SHIRLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-04111-TWP-MJD |
| | ) |
| IMPD SWAT, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ADOPTING REPORT AND RECOMMENDATION
### AND GRANTING PARTIAL MOTION TO DISMISS

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Filing No. 33) on a Motion to Dismiss filed by the Defendant Indianapolis Metropolitan Police Department SWAT ("SWAT") (Filing No. 13). For the reasons stated below, the Court adopts the Report and Recommendation and grants a partial motion to dismiss.

### I.  DISCUSSION

*Pro se* plaintiff Henry Shirley ("Shirley") filed this civil action against SWAT, asserting a claim pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights during the course of his arrest (Filing No. 1). SWAT promptly filed a Motion to Dismiss, asserting that "IMPD SWAT" is not a suable entity, and the Complaint fails to allege any facts to state a claim, such as a *Monell* claim, against the City of Indianapolis (Filing No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the Motion to Dismiss to the Magistrate Judge to issue a report and recommendation (Filing No. 31). On June 8, 2020, the Magistrate Judge issued his Report and Recommendation, recommending that the Motion to Dismiss be granted in part and denied in part pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 33).

Based on the case law presented by SWAT, the Magistrate Judge concluded that SWAT is not an entity capable of being sued; rather, the City of Indianapolis is the proper suable entity. The Magistrate Judge additionally concluded that the Complaint fails to state facts to support a claim against the City of Indianapolis. However, the Magistrate Judge determined that Shirley has sufficiently alleged an excessive force claim against unknown IMPD SWAT officers in their individual capacities. The Magistrate Judge recommended that the Motion to Dismiss be denied as the excessive force claim, and the City of Indianapolis be ordered to produce evidence that would identify the unknown IMPD SWAT officers. *Id.* at 3–6. Once identified, Shirley would be able to file an amended complaint against the named officers. *Id.*

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Shirley did not file any objections to the Report and Recommendation. Instead, he filed a "Notice," explaining that, "[p]er the Court's recommendations contained in the report the Plaintiff

herein files the attached hereto Amended Complaint." (Filing No. 36 at 1.)  His proposed amended complaint names as defendants the City of Indianapolis and two named IMPD SWAT officers, and asserts two claims pursuant to 42 U.S.C. § 1983 (Filing No. 36-1).

SWAT also did not file any objections to the Magistrate Judge's Report and Recommendation.  Additionally, SWAT did not object to Shirley submitting a proposed amended complaint in response to the Report and Recommendation.

## II.   CONCLUSION

Because the Magistrate Judge's Report and Recommendation is built upon a correct factual and legal basis, and there are no objections to it, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 33).  The Motion to Dismiss (Filing No. 13) is **GRANTED in part and DENIED in part** for the reasons stated in the Report and Recommendation.  The Court accepts Shirley's proposed amended complaint submitted at Filing No. 36-1, and the **Clerk is directed to re-file the Amended Complaint** on the docket as of the date of this Entry.  The parties shall contact the Magistrate Judge to determine case management deadlines in this matter.

**SO ORDERED.**

Date:  7/21/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Henry Shirley, #251037
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Daniyal M. Habib
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
daniyal.habib@indy.gov

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
anne.harrigan@indy.gov